UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENER JOSE RODRIGUEZ-DIAZ, (A-Number: 246-549-267) | No. 1:26-cv-02421-JLT-FJS (HC) |
| Petitioner, | ORDER DENYING MOTION FOR COUNSEL [ECF No. 2] |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, et al., | FINDINGS AND RECOMMENDATION TO GRANT PETITION |
| Respondents. | [10-DAY DEADLINE] |

Petitioner Kener Jose Rodriguez-Diaz is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) He is a native and citizen of Nicaragua who unlawfully entered the United States in December 2022. (ECF No. 6-1 at 1.) The Department of Homeland Security ("DHS") paroled him into the United States shortly thereafter. (ECF No. 6-1 at 1.)

On January 30, 2023, DHS terminated his parole by serving him a Notice to Appear, and enrolled him in the Alternative To Detention ("ATD") program. (ECF No. 6-1 at 2.) Although Petitioner initially followed the program. Respondents allege he began failing to abide by the terms of the program in May 2025. (ECF No. 6 at 2.) Respondents contend he failed to complete biometric check-ins on May 26, 2025, and July 21, 2025. (ECF No. 6-1 at 4-6.) Program staff's attempts to contact him and his personal contacts were unsuccessful. (*Id.*) After eventually

completing a check-in, Petitioner allegedly missed another check-in on August 11, 2025. (ECF No. 6-1 at 4, 7.) On October 21, 2025, Respondents arrested and detained Petitioner during an ATD check-in, alleging he had failed to follow the terms of the program. (ECF No. 6-1 at 2-3.)

Petitioner filed the instant petition on March 30, 2026, along with a motion for counsel. (ECF Nos. 1, 2.) Although the petition focuses primarily on allegations of prolonged detention, Petitioner also raises a due process allegation concerning his re-detention. (ECF No. 1 at 5-6.)  As to the due process violation, on April 3, 2026, the Court issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). (ECF No. 5.)

On April 8, 2026, Respondents filed a response to the order to show cause. (ECF No. 6.) Respondents acknowledge that in the cases cited above, the Court has repeatedly determined that Respondents' position that Petitioner's detention is mandatory under expedited removal procedures set forth at 8 U.S.C. §1225(b)(2) is incorrect and that detention is unlawful. (ECF No. 6 at 1.) Respondents disagree and continue to maintain their position. (*Id.*) In line with the Court's previous cases, the Court finds that Petitioner's release on supervision created a strong liberty interest in remaining free of detention. As in those previous cases, the Court finds that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

Respondents argue that in the event the Court grants habeas relief, Petitioner is not entitled to release but should only be granted a hearing. The Court agrees.

In this case, the parties dispute whether Petitioner followed the terms of supervision. Respondents argue Petitioner violated the terms of his supervision by failing to complete three biometric check-ins. (ECF No. 6-1 at 4-6.) On the other hand, Petitioner claims he fulfilled all of his ATD appointments. (ECF No. 1 at 5-6.) Although there is a dispute in fact, Respondents' "reliance on those violations is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, 2025 WL

2

3265446, at *12 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts have done, the Court concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025). In line with previous cases, the Court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

Petitioner has also requested appointment of counsel. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the instant case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

## ORDER

Petitioner's motion for counsel is DENIED.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the Petition be GRANTED IN PART. Respondents should be ordered to provide Petitioner with a substantive bond hearing at which an immigration judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not

3

exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE